UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY LACLEAR,

       Plaintiff,                                  Hon. Gordon J. Quist

v.                                                   Case No. 1:17-cv-929

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).  The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal

standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 36 years of age on his alleged disability onset date. (PageID.172). He successfully completed high school and worked previously as a janitor/commercial cleaner and home health aide. (PageID.48, 62). Plaintiff applied for benefits on January 8, 2015, alleging that he had been disabled since August 25, 2014, due to sleep apnea and obesity. (PageID.60-62, 172-84).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (PageID.90-170). On August 31, 2016, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (PageID.55-88). In a written decision dated October 5, 2016, the ALJ determined that Plaintiff was not disabled because he could perform his past relevant work. (PageID.41-49). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.29-33). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from obesity and obstructive sleep apnea, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.43-44). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform medium work. (PageID.44). A vocational expert testified that Plaintiff,

---

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

given his RFC, would still be able to perform his past relevant work. (PageID.83-86). Based on this testimony, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.        The ALJ Properly Assessed the Medical Opinion Evidence

On August 22, 2016, Dr. Trinh Nguyen completed a report regarding Plaintiff's physical residual functional capacity. (PageID.286-91). The doctor reported that Plaintiff was far more limited than the ALJ recognized. For example, Dr. Nguyen reported that Plaintiff can never lift or carry more than 10 pounds. (PageID.286). The doctor also reported that during an 8-hour work day, Plaintiff can sit for 3 three hours, stand for 30 minutes, walk for 30 minutes, but must also lay down for several hours. (PageID.287). The ALJ afforded "little weight" to Dr. Nguyen's opinions. (PageID.47). Plaintiff asserts that he is entitled to relief because the ALJ failed to provide good reasons for affording less than controlling weight to the opinions of his treating physician.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and his maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d

232, 235 n.1 (6th Cir. 1987)).    The ALJ may reject the opinion of a treating physician where such is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence.  *See Cohen*, 964 F.2d at 528; *Miller v. Sec'y of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citing *Shavers v. Sec'y of Health and Human Services*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)); *Cutlip v. Sec'y of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

The ALJ discounted Dr. Nguyen's opinions on the ground that such were inconsistent with the medical record, including the doctor's own contemporaneous treatment notes. The ALJ also noted that Dr. Nguyen based his opinion, in part, on his assessment that Plaintiff experienced cognitive impairment.   As the ALJ noted, however, this particular assessment concerned an area beyond Dr. Nguyen's area of expertise.   A review of the medical record reveals that the ALJ's decision is supported by substantial evidence.

Treatment notes dated May 2, 2014, indicate that Plaintiff has an "inappropriate diet" and "does not exercise."   (PageID.295).   Plaintiff was instructed that his back pain would improve with exercise, but Plaintiff was noted to exhibit a "lack of motivation."   (PageID.297). Treatment notes dated May 7, 2014, indicate that Plaintiff was instructed to eat less and exercise more.   (PageID.293).

On March 21, 2015, Plaintiff was examined by Dr. Thuy Nguyen.   (PageID.244-48).   Plaintiff reported that he "occasionally" takes over-the-counter Tylenol for his back pain, but had never received injection treatment or participated in physical therapy.   (PageID.244). The results of a physical examination were unremarkable.   (PageID.245-47).

X-rays of Plaintiff's lumbar spine, taken on April 9, 2015, revealed "mild" disc space narrowing and "mild" facet arthropathy.   (PageID.371).   On May 5, 2015, Dr. Trinh

Nguyen reported that Plaintiff was exhibiting "poor compliance" with diet and exercise instructions. (PageID.344). The doctor also noted that cardiovascular, musculoskeletal, and neurological examinations were all "normal." (PageID.346). On June 5, 2015, Dr. Nguyen reported that Plaintiff was exhibiting "poor compliance" with treatment directives. (PageID.340). The doctor noted that Plaintiff's diabetes was "asymptomatic" with "no known diabetic complications." (PageID.340). The doctor reported that cardiovascular, musculoskeletal, and neurological examinations were all "normal." (PageID.342).

On August 11, 2015, Dr. Nguyen reported that Plaintiff's diabetes was "asymptomatic." (PageID.335). The doctor also reported that cardiovascular, musculoskeletal, and neurological examinations were all "normal." (PageID.337). Examinations conducted in November 2015, December 2015, and February 2016, produced similar results. (PageID.324, 328, 332). On April 18, 2016, Dr. Nguyen reported that Plaintiff was experiencing "no known diabetic complications." (PageID.317). The results of musculoskeletal and neurological examinations were both "normal." (PageID.319). On May 18, 2016, Dr. Nguyen reported that Plaintiff was exhibiting "poor compliance with treatment." (PageID.312). The results of musculoskeletal and neurological examinations were both "normal." (PageID.312).

In sum, the ALJ's reasoning for discounting Dr. Nguyen's opinion are supported by substantial evidence. Accordingly, this argument is rejected.

**II.      The ALJ Properly Developed the Record**

Plaintiff also argues that he is entitled to relief because the ALJ failed to properly develop the record with respect to his "mental IQ." Specifically, Plaintiff argues that the ALJ "should have sent [Plaintiff] for a consultive examination of his intelligence to ascertain if he met or equaled" Section 12.05 (Mental Retardation) of the Listing of Impairments.

It is well accepted that it is the claimant's "responsibility to provide medical evidence showing that he is disabled." *Smith v. Commissioner of Social Security*, 2011 WL 3421538 at *2 (W.D. Mich., Aug. 4, 2011). While the ALJ must ensure that every claimant receives a full and fair hearing, where a claimant is represented by counsel, as was the case presently, "the ALJ may ordinarily rely on counsel to present the claimant's case and to develop his claims." *Woelk v. Commissioner of Social Security*, 2014 WL 2931411 at *2 (E.D. Mich., June 30, 2014).

Moreover, an ALJ is not obligated to supplement the record with additional evidence unless the record as it then exists is insufficient to assess Plaintiff's residual functional capacity or otherwise resolve her claims. *See, e.g., Allison v. Apfel*, 2000 WL 1276950 at *5 (6th Cir., Aug. 30, 2000); *Lamb v. Barnhart*, 85 Fed. Appx. 52, 57 (10th Cir., Dec. 11, 2003); *Haney v. Astrue*, 2010 WL 3859778 at *3 (E.D. Okla., Sept. 15, 2010); *Brown v. Commissioner of Social Security*, 709 F.Supp.2d 248, 257 (S.D.N.Y. 2010). As is recognized, "how much evidence to gather is a subject on which district courts must respect the Secretary's reasoned judgment." *Simpson v. Commissioner of Social Security*, 2009 WL 2628355 at *8 (6th Cir., Aug. 27, 2009). As the court further observed, to obligate the Commissioner to obtain an absolute "complete record" in each case "literally would be a formula for paralysis." *Id.*

Plaintiff cites to cognitive testing, performed when he was 14 years of age, which indicated that he possessed a verbal IQ of 70, a performance IQ of 75, and a full-scale IQ of 70, which correlated to the "borderline range" of functioning. (PageID.252-53). Nevertheless, the record was sufficient to assess this particular issue. Plaintiff's care providers, including Plaintiff's treating physician, Dr. Trinh Nguyen, did not report that Plaintiff experienced any cognitive impairment. (PageID.244-48, 292-99, 307-72). As the ALJ also noted, Plaintiff

successfully completed high school and was able to work for several years. (PageID.47). In sum, Plaintiff has failed to establish that the record before the ALJ was insufficient to assess Plaintiff's cognitive abilities. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: August 3, 2018
 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge