UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY LACLEAR,

    Plaintiff,

v.                                         Case No. 1:17-CV-929

COMMISSIONER OF SOCIAL                    HON. GORDON J. QUIST
SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a social security action brought under 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff Jody LaClear's claim for Disability Insurance Benefits. Section 405(g) limits the Court's review to the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R), recommending that the Court affirm the Commissioner's decision. (ECF No. 15.) LaClear objected. (ECF No. 16.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." In reviewing the Commissioner's decision, the Court may not conduct a de novo review of the

administrative case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). After conducting a de novo review of the R & R, LaClear's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

LaClear objects that part of the medical record cited in the R & R was not a record from LaClear's regular treating physician, Dr. Trinh Nguyen. Instead, the pages cited were prepared by Bryanna Webber, PC, and reviewed by Dr. Andrew Messenger. (ECF No. 9-7 at PageID.295–97.) However, neither the decision by the Administrative Law Judge (ALJ) nor the R & R relied upon these records as being from Dr. Nguyen. The ALJ specifically stated that the record at issue was from the Clinton County Medical Center, about ten months before LaClear went to Dr. Thuy Nguyen at the request of the State agency, and even longer before seeing Dr. Trinh Nguyen. (ECF No. 8-2 at PageID.45.) The R & R referred to this record generally as "treatment notes." (ECF No. 15 at PageID.421.) In his objection, LaClear broadly states, without support, that the Webber record and the examination by Dr. Thuy Nguyen are "not really part of the treating medical records the ALJ and Magistrate Judge should be discussing." (ECF No. 16 at PageID.427.) LaClear would have the ALJ, the magistrate judge, and this Court rely solely on Dr. Trinh Nguyen. Although treating physicians are given some deference, their word is not gospel and the complete medical record can be considered—which the R & R clearly stated with supporting cases. LaClear's objection is without merit.

LaClear objects that the R & R incorrectly asserted that Dr. Trinh Nguyn did not report that LaClear experienced any cognitive impairment. On the contrary, the R & R stated, "The ALJ also noted that Dr. Nguyen based his opinion, in part, on his assessment that Plaintiff experienced cognitive impairment . . . however, this particular assessment concerned an area beyond Dr.

Nguyen's area of expertise." (ECF No. 15 at PageID.421.)  The R & R did later state that "Plaintiff's care providers, including Plaintiff's treating physician, Dr. Trinh Nguyen, did not report that Plaintiff experienced any cognitive impairment." (*Id.* at PageID.423.)  This is not inconsistent.  LaClear cites Dr. Nguyen's statement, "[Patient] has learning disability – was in special ed." (ECF No. 8-7 at PageID.348.)  Dr. Nguyen did not report any particular cognitive impairment because, as the R & R noted, this was beyond Dr. Nguyen's area of expertise—the vague and broad quote LaClear cites does not medically establish that LaClear qualifies for a disability.  Regardless, LaClear's reliance on *Cole v. Astrue*, 652 F.3d 654 (6th Cir. 2011), is misplaced.  *Cole* does not require an ALJ to order additional medical evidence, as LaClear would have it.  As the R & R noted, it is LaClear's "responsibility to provide medical evidence showing that he is disabled," and "the ALJ may ordinarily rely on counsel to present the claimant's case and to develop his claims." (ECF No. 15 at PageID.423 (citations omitted).)  LaClear's objections related to his mental impairments fail to show that the R & R was incorrect.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 15) is **APPROVED AND ADOPTED** as the Opinion of this Court, and the Commissioner's decision is **AFFIRMED**.  Plaintiff's Objections (ECF No. 16) are **OVERRULED**.

A separate judgment will issue.

This case is **concluded**.

Dated: September 7, 2018                                    /s/ Gordon J. Quist
                                                                                GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE